IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| GAL INVESTMENTS, LTD., an Iowa Corporation; and GABAY G. MENAHEM, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF POSTVILLE, IOWA; an Iowa municipality, DARCY RADLOFF, individually and in her capacity as City Clerk; VIRGINIA MEDBERRY and JEFF REINHARDT, individually and in their capacities as Members of the City Council of Postville, Iowa; and UNKNOWN CONSPIRATORS, individually and in their capacities as Agents of the City of Postville, Iowa, <br><br> Defendants. | No. C10-1022 <br><br> REPORT AND RECOMMENDATION |

## TABLE OF CONTENTS

I.   INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . 2

III. RELEVANT FACTS. . . . . . . . . . . . . . . . . . . . . . . . . 3
     A.   The Parties. . . . . . . . . . . . . . . . . . . . . . . . 3
     B.   The Federal Complaint. . . . . . . . . . . . . . . . . . . 3
     C.   The State Petition. . . . . . . . . . . . . . . . . . . . 6

IV.  DISCUSSION. . . . . . . . . . . . . . . . . . . . . . . . . . . 7

V.   RECOMMENDATION. . . . . . . . . . . . . . . . . . . . . . . . . 12

## I. INTRODUCTION

This matter comes before the Court on the Motion to Stay Case (docket number 9) filed by Defendants City of Postville, Iowa, Darcy Radloff, Virginia Medberry, and Jeff Reinhardt on February 4, 2011; and the Resistance (docket number 11) filed by Plaintiffs GAL Investments, Ltd. and Gabay G. Menahem on February 17, 2011. Pursuant to Local Rule 7.c, the issue will be decided without oral argument.

## II. PROCEDURAL HISTORY

On September 22, 2010, Plaintiffs filed a 61-page complaint in 18 counts. *See* docket number 2. In brief, Plaintiffs claim that they "have been denied equal protection of federal law based on religion and/or national origin and have been denied other protections provided by federal law."[1] Plaintiffs charge violations of the Fourteenth Amendment, 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, and 2000a. Plaintiffs seek money damages and equitable relief. On October 20, 2010, Defendants filed an Answer (docket number 6), asking that the complaint be dismissed.

On February 8, 2011, the Court adopted the proposed Scheduling Order and Discovery Plan submitted by the parties. *See* docket number 10. The Order establishes various pretrial deadlines, with a trial ready date of March 1, 2012.

On February 4, 2011, Defendants filed the instant motion, asking that the Court "stay the federal court proceedings pending resolution of Plaintiffs' state court claims." In their resistance, Plaintiffs urge that the motion to stay be denied.

---

[1] *See* Complaint (docket number 2), ¶ 1 at 1.

## III. RELEVANT FACTS[2]

### A. The Parties

According to the complaint, Plaintiff Gabay G. Menahem is a Jew who was born in Israel and immigrated to the United States. Menahem is a resident of Allamakee County, Iowa, and the sole shareholder of Plaintiff GAL Investments, Ltd. ("GAL"). GAL is an Iowa corporation with its principal place of business in Allamakee County. Apparently, GAL owns commercial and residential property which it rents to others.[3]

Defendant City of Postville ("Postville" or "the City") is an Iowa municipality located in Allamakee and Clayton Counties. Defendant Darcy Radloff is a resident of Allamakee County and has been the City Clerk for the City of Postville since March 2006. Defendants Virginia Medberry and Jeff Reinhardt are residents of Allamakee County and are members of Postville's City Council.[4]

### B. The Federal Complaint

Plaintiffs initiated the instant action on September 22, 2010, with the filing of a 61-page complaint, containing 297 numbered paragraphs. Plaintiffs' principal complaint appears to be the City's alleged failure to timely disconnect the water to properties owned by GAL. Plaintiffs claim that by failing to disconnect the water in accordance with its ordinance, the City caused GAL to incur an unnecessary expense.

---

[2] This case is in its early stages. Neither the motion nor the resistance included any affidavits or evidentiary materials, other than the state court pleadings. *See* Local Rule 7.d. Accordingly, in describing the relevant facts, the Court has relied on the allegations found in Plaintiffs' complaint.

[3] Surprisingly, given the lengthy complaint, Plaintiffs are imprecise regarding the nature and extent of GAL's business. It is claimed, however, that Menahem invested approximately $2,000,000 in properties early in 2008.

[4] The complaint also names as Defendants "Unknown Conspirators" who were allegedly "engaged in a conspiracy to strip Plaintiffs of their civil rights and were acting within the scope of their employment and/or duties and agency with the City." *See* Complaint (docket number 2), ¶ 14 at 4.

According to the complaint, City Ordinance 92.06 makes a landlord and tenant jointly and severally liable for the payment of the tenant's water bill. The ordinance permits the City to disconnect the water to a residence if the water bill is two months in arrears and a "door hanger" is left at the property. Plaintiffs assert that "Postville allowed GAL's tenants to go many months in arrears on their water bills," despite Plaintiff's repeated requests to disconnect the properties. It is alleged that "[a]s a direct result of the City's discriminatory enforcement of Ordinance 92.06, GAL was forced to pay approximately $18,000 for tenants' unpaid water bills."[5]

Plaintiffs also claim that Defendants abused their power to charge fines or fees, wrongfully threatened to replace "curb stops" (devices which are used to turn off the water at a property), abused their power to place liens or tax property, and "engag[ed] in outright theft from Jewish persons or persons associated with Jewish businesses by refusing to credit Jewish persons or a real estate company owned by a Jewish person for water bills that had been paid, or refusing to apply water deposits to said bills."[6]

Plaintiffs also assert that the City "specifically discriminatorily targeted GAL's properties for snow removal under Ordinance 136.03."[7] According to Plaintiffs, the City would order a city employee to remove the snow "despite the fact that 48 hours had not yet passed," and then bill GAL for the snow removal. According to the complaint, "Defendants' discriminatory conduct toward Plaintiffs began around 2006, escalated in the summer of 2008, and continues to the present."[8]

It is also claimed that the City "deliberately and maliciously interfered with Plaintiff's business relationships and prospective business relationships, as well as

---

[5] *See* Complaint (docket number 2), ¶ 64 at 13.

[6] *Id.*, ¶ 34(f) at 8.

[7] *Id.*, ¶ 113 at 20.

[8] *Id.*, ¶ 21 at 5.

committed acts of slander or slander per se."[9] It is alleged that Defendants "instructed individuals not to rent from GAL," recommended GAL's competitors to prospective tenants, falsely stated that GAL did not "take good care of their properties," and "publicly insinuated that Plaintiffs' bank took back its properties due to Plaintiffs' mismanagement or negligence, which is false."[10]

The complaint is brought in 18 counts, which may be summarized in table form as follows:

| COUNT NUMBER | DEFENDANT(S) | CAUSE OF ACTION |
|---|---|---|
| I | City of Postville | 14th Amendment (Equal Protection) |
| II | City of Postville | 42 U.S.C. § 1981 |
| III | City of Postville | 42 U.S.C. § 1982 |
| IV | Radloff, Medberry, and Reinhardt | 42 U.S.C. § 1985 |
| V | City of Postville | 42 U.S.C. § 2000a |
| VI | City of Postville, Medberry and Reinhardt | 42 U.S.C. § 1986 |
| VII | Radloff | 42 U.S.C. § 1983 (14th Amendment) |
| VIII | Radloff | 42 U.S.C. § 1983 (§ 1981) |
| IX | Radloff | 42 U.S.C. § 1983 (§ 1982) |
| X | Radloff | 42 U.S.C. § 1983 (§ 2000a) |
| XI | Medberry | 42 U.S.C. § 1983 (14th Amendment) |
| XII | Medberry | 42 U.S.C. § 1983 (§ 1981) |
| XIII | Medberry | 42 U.S.C. § 1983 (§ 1982) |

---

[9] *Id.*, ¶ 142 at 23.

[10] *Id.*, ¶ 142 at 23-24.

| COUNT NUMBER | DEFENDANT(S) | CAUSE OF ACTION |
|---|---|---|
| XIV | Medberry | 42 U.S.C. § 1983 (§ 2000a) |
| XV | Reinhardt | 42 U.S.C. § 1983 (14th Amendment) |
| XVI | Reinhardt | 42 U.S.C. § 1983 (§ 1981) |
| XVII | Reinhardt | 42 U.S.C. § 1983 (§ 1982) |
| XVIII | Reinhardt | 42 U.S.C. § 1983 (§ 2000a) |

Plaintiffs seek a monetary award for economic damages, emotional distress, and other compensatory damages. Plaintiffs also ask for equitable relief, including training, testing, and evaluation for Postville employees, and removing Radloff from her position as City Clerk. Plaintiffs also seek attorney fees, interest, and court costs.

## C. The State Petition

On September 23, 2010 – one day after filing the complaint in the instant action – Plaintiffs filed a Petition in the Iowa District Court for Allamakee County. *See* docket number 9-1. The plaintiffs and defendants in the state court action are the same as those found in the instant case. It is clear that the state court action is founded on the same operative facts as the federal complaint. The "factual overview" and "detailed facts" found in the petition at paragraphs 15-168 appear to be identical to the "factual overview" and "detailed facts" found in the federal complaint at paragraphs 17-170. On December 6, 2010, the state court petition was amended to add an additional count.

Plaintiffs' claims in the state court action are brought in six counts and may be summarized in table form as follows:

| COUNT NUMBER | DEFENDANT(S) | CAUSE OF ACTION |
|---|---|---|
| I | City of Postville | Art. I, § 6 of the Iowa Constitution (Equal Protection) |

6

| COUNT NUMBER | DEFENDANT(S) | CAUSE OF ACTION |
|---|---|---|
| II | City of Postville, Radloff, Medberry & Reinhardt | Iowa Code ch. 216 (Iowa Civil Rights Act) |
| III | City of Postville | Breach of Contract |
| IV | City of Postville, Radloff, Medberry & Reinhardt | Intentional Interference with Prospective Business Advantage |
| V | City of Postville | Wrongful Conversion |
| VI | City of Postville | Slander of Title |

The relief sought by Plaintiffs in the state court action is similar to that sought in the federal action, except Plaintiffs also request that Trish Bossom be removed from her position as Assistant City Clerk, and ask that Medberry and Reinhardt be removed from their positions on the city council.

## IV. DISCUSSION

Defendants ask that this federal proceeding be stayed pending a resolution of Plaintiffs' state court claims.[11] The leading case in federal "abstention" is *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). The Court summarized the doctrine of abstention as follows:

> Abstention from the exercise of federal jurisdiction is the exception, not the rule. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to

---

[11] The Court notes parenthetically that a dispute of this nature often involves a party seeking relief in one forum, with the other party seeking relief in a competing forum. In this case, however, Plaintiffs seek to proceed simultaneously in both forums.

> repair to the state court would clearly serve an important countervailing interest."

*Id.* at 813 (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-189 (1959)).

In *Colorado River*, the Court dismissed the federal complaint in favor of a state court action. Here, Defendants ask only that the federal proceedings be stayed pending a resolution of the state court action, rather than dismissed. While Defendants are not seeking dismissal, the "exceptional circumstances" test set forth in *Colorado River* is nonetheless applicable. *Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*, 460 U.S. 1, 28 (1983) ("A stay is as much a refusal to exercise federal jurisdiction as a dismissal.").

The Court in *Colorado River* identified four factors to weigh in determining whether such exceptional circumstances exist, and it added two more factors in *Moses H. Cone*. *See In re Burns & Wilcox, Ltd.*, 54 F.3d 475, 477 (8th Cir. 1995). The *Colorado River – Moses H. Cone* factors are as follows:

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority – not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*United States Fidelity and Guaranty Co. v. Murphy Oil USA, Inc.*, 21 F.3d 259, 263 (8th Cir. 1994) (cited with approval in *Kreditverein der Bank Austria v. Nejezchleba*, 477 F.3d 942, 946 n.4 (8th Cir. 2007)).

The parties agree that the first factor has no application here, because there is no property over which a court has established jurisdiction.

8

The parties disagree regarding whether the federal court is an inconvenient forum. Defendants argue that "the state court forum is more convenient as the individual Plaintiff and Defendants reside near the Allamakee County seat [Waukon] as well as many of the anticipated witnesses."[12] Plaintiffs argue that the federal court forum (Cedar Rapids) is not inconvenient. While Postville is closer to the Allamakee County courthouse in Waukon, than the federal courthouse in Cedar Rapids,[13] Plaintiffs note that the parties' and witnesses' "physical presence is not likely necessary for any proceedings with the exception of trial."[14] Plaintiffs also note that Defendants' counsel have their offices in Cedar Rapids, while Plaintiffs' counsel have their offices in Des Moines.[15] While a trial in Waukon may be slightly more convenient to the parties and witnesses than a trial in Cedar Rapids, the Court does not believe that is a substantial factor in this case.

The third *Colorado River – Moses H. Cone* factor is "whether maintaining separate actions may result in piecemeal litigation." As noted by the Court in *United States Fidelity and Guaranty*, however, this is not a principal consideration if "the relevant law would require piecemeal litigation and the federal court issue is easily severed." *U.S. Fid. and Guar. Co.*, 21 F.3d at 263. Here, while the underlying operative facts are identical, the theories of recovery urged by Plaintiffs in this Court are separate and distinct from the theories being pursued in state court. Final resolution of the state court claims will not resolve Plaintiffs' federal claims, or vice versa. Obviously, the issues must first be tried in one forum or the other. "Staying" this federal action until the state court action has been resolved, however, does not promote "wise judicial administration, giving regard to

---

[12] *See* Defendants' Brief (docket number 9-4) at 2.

[13] According to Google Maps, Postville is 20 miles from Waukon and 100 miles from Cedar Rapids.

[14] *See* Plaintiffs' Brief (docket number 11-1) at 8.

[15] According to Google Maps, Des Moines is 120 miles from Cedar Rapids and 202 miles from Waukon.

9

conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)).

The fourth factor requires the Court to consider the "relative progress" made in each case. In their brief, Defendants assert that "discovery has been propounded by the Plaintiffs and Defendants only in the state court matter."[16] In this case, however, the Plaintiffs and Defendants in the federal case and state case are identical. While the theories of recovery differ, the facts underlying the two cases are virtually identical. The attorneys representing the parties are the same in both cases. According to Plaintiffs' brief, "the parties intend to manage discovery by sharing discovery production among the two cases, as well as by sharing depositions."[17] Under these circumstances, the Court concludes that the commencement of discovery in the state court action is of little significance. Of greater significance is the fact that pretrial deadlines have been established in this federal case, with a trial ready date of March 1, 2012.

Next, the Court must consider whether "state or federal law controls." Here, Plaintiffs' state court action alleges violations of the Iowa Constitution, an Iowa statute, and Iowa common law. Plaintiffs' federal court action alleges violations of the United States Constitution and federal statutes. Federal law will control in the instant action, while state law will control in the case pending in Allamakee County. As noted above, resolution of one will not resolve the other.

Finally, the Court is required to consider the "adequacy of the state forum" to protect Plaintiffs' rights. In their resistance, Plaintiffs assert that they "seek the federal district court for shelter from local prejudice that is likely to deprive them of a fair trial

---

[16] *See* Defendants' Brief (docket number 9-4) at 2.

[17] *See* Plaintiffs' Brief (docket number 11-1) at 11.

in state court."[18] Similarly, in their brief, Plaintiffs assert that their "federal civil rights will not be adequately protected in Allamakee County, the very site wherein Defendants engaged in discriminatory conduct and where many witnesses to the same stand by and permit it to continue."[19] Parenthetically, one wonders why Plaintiffs have pursued a claim in state court, when they believe that "local prejudice . . . is likely to deprive them of a fair trial in state court." While the Court has confidence that Plaintiffs will receive a fair hearing in state court, it nonetheless concludes that the federal claims raised in the instant action cannot be resolved in state court.

In *Colorado River*, the Court found that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." 424 U.S. at 817. "[T]he decision whether to dismiss [or stay] a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16. After carefully considering the *Colorado River – Moses H. Cone* factors as applied to the instant action, I believe that Defendants' request that this action be stayed pending a resolution of the state court action should be denied. Since the parties, facts, and attorneys are identical in each action, however, it is most efficient that discovery obtained in one case may also be used in the other. At some point, one case will have to go to trial first. The Court need not resolve that issue now. Furthermore, the Court need not determine at this time what *res judicata* effect, if any, a verdict in one case may have on the other.

---

[18] *See* Plaintiffs' Resistance (docket number 11) at 1.

[19] *See* Plaintiffs' Brief (docket number 11-1) at 12.

11

## V. RECOMMENDATION

For the reasons set forth above, I respectfully recommend that the Motion to Stay Case (docket number 9) filed by the Defendants on February 4, 2011 be **DENIED**.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court.

DATED this 3rd day of March, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA